# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAYMOND M. FREEMAN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-1009-JPG |
| | ) | |
| ALORTON POLICE DEPT., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly in custody at the St. Clair County Jail,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any

---

[1] A letter from the St. Clair County Sheriff's Department indicates that Plaintiff was taken into custody on August 19, 2006, and released from custody on February 2, 2007. No further information is available as to Plaintiff's current whereabouts.

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff states that on August 18, 2006, he was arrested by the Alorton Police Department on charges of domestic battery.[2] This arrest arose out of charges filed by Defendant Stacey C. Shephard, *aka* Stacey Lynette Goodlow, who charged that Plaintiff had violated a protective order. Plaintiff alleges that Shephard/Goodlow fabricated charges against him in seeking the order of protection, and that she further fabricated charges against him that led to his August 18 arrest. Based on these allegations, he first claims that Shepard/Goodlow "maliciously deprived [him] of liberty and property without due process," in violation of his constitutional rights.

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . .
> . . .
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988), *citing United States v. Classic*, 313 U.S. 299, 326 (1941).

Nothing in the complaint suggests that Shephard/Goodlow was "acting under color of state law" when she filed charges against Plaintiff. Therefore, as to her, Plaintiff has failed to state a claim upon which relief may be granted.

Plaintiff next claims that the Alorton Police Department and its detective, Jon Lair, deprived him of his right of liberty by failing to perform an adequate investigation of her charges. However, the Eleventh Amendment to the Constitution bars individuals from bringing suit in federal court

---

[2] The complaint originally named the Swansea Police Department as a defendant. However, virtually all references to Swansea were then crossed out and replaced with Alorton. For purposes of this order, the Court will assume that Alorton is the correct designation.

against a state or its agencies in their own names. *See Brunken v. Lance*, 807 F.2d 1325, 1329 (7th Cir. 1986). Further, states and their agencies are not "persons" susceptible to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). This includes city police departments. *U.S. ex rel Lee v. People of State of Ill.*, 343 F.2d 120, 120 (7th Cir. 1965). *See also Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992); *Henschel v. Worcester Police Dept., Worcester, Mass.*, 445 F.2d 624 (1st Cir. 1971); *Reese v. Chicago Police Dept.*, 602 F.Supp. 441 (N.D. Ill. 1984). Accordingly, Plaintiff has failed to state a claim against the Alorton Police Department.

As for Detective Lair, the only allegations against him are that at the time of his arrest, Plaintiff told Lair that he did not know anyone named Stacey C. Shephard. Thus, Plaintiff believes that Lair should not have arrested him.

> Qualified immunity shields from liability government officials who are performing discretionary functions in the course of duty to the extent that their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Eversole v. Steele*, 59 F.3d 710, 717 (7th Cir. 1995) (internal quotation marks and citations omitted). In determining whether qualified immunity applies, this court considers: "(1) whether the plaintiff has asserted a violation of a federal constitutional right, and (2) whether the constitutional standards implicated were clearly established at the time in question." *Id.* Although qualified immunity is a defense to a § 1983 suit, the burden of meeting the elements of this two-part test rests on the plaintiff. *See id.*

> It is undisputed that the constitutional right to be free from arrest without probable cause was clearly established at the time Spiegel was arrested in 1993. *See Jenkins v. Keating*, 147 F.3d 577, 585 (7th Cir. 1998) (noting that this right was clearly established by at least 1991). Because qualified immunity protects all "but the plainly incompetent or those who knowingly violate the law," a law enforcement officer will be immune to claims based on an arrest without probable cause unless "it is obvious that no reasonably competent officer" would have believed that there was probable cause to arrest. *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Thus, qualified immunity applies not only to those officials who correctly determine that probable cause to arrest

exists, but also to those governmental officials who reasonably but mistakenly conclude that it does. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). In this context, the law tolerates reasonable error because "officials should not err always on the side of caution because they fear being sued." *Id.* at 229, 112 S.Ct. 534 (internal quotation marks and citation omitted). Probable cause is itself "a commonsense determination, measured under a reasonableness standard," *Tangwall v. Stuckey*, 135 F.3d 510, 519 (7th Cir. 1998), and is present if at the time of arrest "the facts and circumstances within [the arresting officer's] knowledge and of which she has reasonably trustworthy information would warrant a prudent person in believing that the suspect had committed or was committing an offense." *Qian v. Kautz*, 168 F.3d 949, 953 (7th Cir. 1999). The existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently-received information. *See Hebron v. Touhy*, 18 F.3d 421, 423 (7th Cir. 1994). Consequently, "as long as a reasonably credible witness or victim informs the police that someone has committed, or is committing, a crime, the officers have probable cause to place the alleged culprit under arrest, and their actions will be cloaked with qualified immunity if the arrestee is later found innocent." *Jenkins*, 147 F.3d at 585. Thus, the reviewing court should ask whether an official "acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed several years after the fact." *Humphrey*, 148 F.3d at 725. Moreover, this court has emphasized that once probable cause has been established, officials have "no constitutional obligation to conduct any further investigation in the hopes of uncovering potentially exculpatory evidence." *Eversole*, 59 F.3d at 718 (internal quotation marks and citation omitted).

*Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999).

Although qualified immunity is an affirmative defense, it is abundantly clear to the Court from the allegations in the complaint that Lair acted reasonably under the circumstances. Thus, the Court finds that Plaintiff's claim against Lair is barred by the doctrine of qualified immunity.

Finally, Plaintiff claims that Defendants Collins and Justus "subjected [him] to deprivation of his personal property, equal protection, due process." Although not entirely clear from the complaint, it seems that this claim arises from the fact that Collins and Justus were Plaintiff's

custodians at the St. Clair County Jail following his arrest. Similar to claim against Lair, the Court finds as a matter of law that Justus and Collins acted appropriately in taking custody of Plaintiff. Thus, Plaintiff has failed to state a viable constitutional claim against either Justus or Collins.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: January 9, 2008.**

  **s/ J. Phil Gilbert**
  **U. S. District Judge**